JAMES LANGDON, APPELLANT, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENTS.

*Clerk in the finance department, New York city — he may be removed if his services are no longer required by the business of the department —* 1873, *chap.* 335, *sec.* 28.

A person employed as a regular clerk in the bureau of the commissioner of taxes in the finance department of the city of New York, may be removed by the comptroller if, by reason of a diminution in the business of the department, his services are no longer required.

*Semble,* that in such a case the clerk is not entitled to the prior notice and opportunity to be heard provided for by section 28 of the charter. (Chap. 335 of 1873.)

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*C. P. Miller*, for the appellant.

*W. C. Whitney*, for the respondents.

BY THE COURT :

This action was brought to recover a sum of money claimed as salary for the months of July and August, and for ten days in the month of September, 1875, during which the plaintiff was not allowed to perform services, though he was present every day and ready to discharge his duties. It appears that in 1875 the plaintiff was employed as a regular clerk in the bureau of the commissioner of taxes, in the finance department, at a salary of $1,200 a year; that on 27th of June, 1875, he received a notice from the comptroller informing him that he proposed removing him from his office as clerk, the alleged cause of removal being a diminution of business in the department, and he was advised that he would be allowed an opportunity to make any explanation to the comptroller on the twenty-fourth of June at an hour named. It also appears that he appeared before the comptroller and was then informed that his removal was on account of the diminution of business, by reason of which his services were no longer required. On the same day he was discharged by notice in writing, announcing that his removal was to take place on the first of July following. It does not appear that the plaintiff held his office for a fixed time, and he was subject to removal at the pleasure of the appointing power, provided only that the conditions and method of removal prescribed by legislative action were observed. It does not seem to be disputed that section 28 of the charter (chap. 335 of 1873), which prescribes in part the method by which a regular clerk or head of bureau is to be removed, was observed, but plaintiff insists that the cause itself was not sufficient. In this view he is undoubtedly in error. As is justly said by the counsel for the respondents, it was not the object of the charter to compel the continuance of a clerk in office whose services were no longer required.

It does not seem to be open to question but that the plaintiff

might be dismissed from his office, if his services were no longer required on account of the diminution of public business, or to meet any other emergency, for such a removal was clearly not within the statutory provision to which reference has been made. Removals on account of the reduction of appropriations and consequent inability to pay the salary of the person employed, and on account of the diminution of business by which the services of persons in office are no longer necessary, stand upon precisely the same footing and are not within the principle of the provision of the statute requiring prior notice. But, as already suggested, notice was given in this case and thus a formal compliance with the provisions of the charter pursued.

We do not see that there is any difference in principle between this case and the case of the *People ex rel. Evans* v. *Commissioners of Public Parks*, decided by this General Term (Dec., 1881). The learned counsel for the appellant has made a strenuous effort to distinguish these cases; and although this case is in some respects different, yet the principle which governs it is equally applicable. In the Evans case there was a failure of appropriation sufficient to cover the expenses. In this case there was a diminution of business which rendered the services unnecessary.

The discharge of the plaintiff was not occasioned by any misconduct on his part, either in dereliction or neglect of duty or any other objectionable conduct, but simply because there was no further necessity for his services which he had previously rendered, for ought that appears, faithfully and honestly.

The opinion of the learned justice in the court below is comprehensive and includes all that is necessary, perhaps, to say in disposing of this appeal.

We think it contained a just exposition of the rule by which the plaintiff's claim was to be considered and disposed of.

The judgment must be affirmed.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed.